UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MOHAMMAD AKRAM,

              **Plaintiff,**

              - v-

**WORLDWIDE FLIGHT SERVICES,**

              **Defendant.**
---------------------------------------------------------x

**OPINION AND ORDER**
**05-CV-5084 (NG) (LB)**

**GERSHON, United States District Judge:**

On October 31, 2005, plaintiff Mohammad Akram filed this employment discrimination and retaliation action *pro se* against defendant Worldwide Flight Services ("Worldwide") under 42 U.S.C. § 1981, New York State Human Rights Law, Executive Law §§ 290 *et seq.*, and New York City Human Rights Law, Administrative Code §§ 8-101 *et seq.* On August 18, 2006, defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Plaintiff, who is now represented by counsel, opposes the motion and moves to amend the complaint. On oral argument, the court advised counsel that, under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff had an absolute right to amend. Based upon the discussions at oral argument, plaintiff has now filed an amended complaint and, by agreement, the motion to dismiss will be treated as directed to that pleading.

## BACKGROUND

The following facts, as set forth in the Amended Complaint, are taken as true for purposes of the motion to dismiss, and all inferences are drawn in plaintiff's favor.

Plaintiff is Southern Asian, was born in Pakistan, and is a practicing Muslim. Plaintiff was employed by Worldwide from April 9, 2002 through October 2, 2005. On April 9, 2002 he was

1

hired by Worldwide as an "Agent." During his tenure with Worldwide, plaintiff's work performance and time and attendance record were satisfactory or above.

Sometime in 2003, plaintiff applied for the posted position of "Supervisor." Plaintiff alleges that, despite the fact that he was qualified for the position, he was not considered for the position. Rather, another employee, who was a less-qualified Caucasian, non-Muslim, non-Pakistani, was hired for the position. Plaintiff alleges that, believing that he was discriminated against by not being considered for the position, he filed a complaint with defendant's headquarters. Defendant then falsely accused plaintiff of not submitting an application for the position. After plaintiff was able to prove otherwise, Chuck Hilton, defendant's manager of labor relations, acknowledged that plaintiff's application had been received but was "not acted upon." Several months later, another "Supervisor" position became available. Plaintiff applied for the position and, on December, 13, 2003, was promoted to "Supervisor."

In December 2004, plaintiff learned that "Mr. Oleg," who is not Southern Asian, a Muslim or from Pakistan, was promoted to a "Manager On Duty" position. The position had not been posted. Subsequently, plaintiff learned from other supervisory personnel that, after September 11, 2001, his local supervisors and managers were opposed to making him manager on account of his ethnicity and religion. Once again, plaintiff complained to defendant's headquarters regarding the "Manager On Duty" position, citing the "selection process, lack of notice, and Defendant's own policy violations." Plaintiff also advised defendant's supervisory staff that, if the situation were not remedied, he was going to file a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). Soon thereafter, on February 10, 2005, plaintiff alleges he was terminated in retaliation for his continuous complaints of discrimination.

On June 15, 2005, plaintiff filed a complaint with the EEOC against Worldwide, claiming

religious discrimination and retaliation. Although plaintiff was unaware of it, defendant responded to the EEOC complaint on August 5, 2005. On August 25, 2005, the EEOC issued to plaintiff a notice of right to sue within ninety days.

Plaintiff asserts four claims against defendant: 1) race and ethnicity discrimination and retaliation, in violation of 42 U.S.C. § 1981; 2) religion discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); (3) race, religion, and national origin discrimination and retaliation, in violation of New York State Human Rights Law, Executive Law §§ 290 *et seq*.; and 4) race, religion, and national origin discrimination and retaliation, in violation of New York City Human Rights Law, Administrative Code §§ 8-101 *et seq*.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The issue on a motion to dismiss is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. *Phelps v. Kapnolas*, 308 F.3d 180, 184-85 (2d Cir.2002). While it may appear on the face of the pleading that recovery is very remote and unlikely, that is not the test. *Id*. at 185. In considering a motion to dismiss, the court must accept as true all factual allegations set forth in the pleading and draw all reasonable inferences in favor of the plaintiff. *Id*. at 184.

In deciding a motion to dismiss a discrimination case, the ordinary rules for assessing the sufficiency of a complaint apply, and a plaintiff is not required to plead facts establishing a prima

facie case of employment discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz*, 534 U.S. at 511. Instead, a plaintiff in an employment discrimination case need provide only "'a short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id*. at 512 (citing Federal Rule of Civil Procedure 8(a)(2)).

Applying the relevant standards, plaintiff has stated discrimination claims under Title VII and 42 U.S.C. § 1981. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see also Williams v. R.H. Donnelley, Corp*., 368 F.3d 123, 126 (2d Cir.2004). Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Section 1981 defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *see also Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000). Section 1981 protects against race-based discrimination, which includes discrimination based on ancestry or ethnic characteristics. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

Plaintiff alleges he is a member of a protected class, i.e., that he was born in Pakistan and

is a practicing Muslim. He also alleges he is of Asian ancestry.[1] Plaintiff alleges that he was qualified to perform the duties of the jobs at issue–both the "Supervisor" and "Managing Agent" positions but was denied both positions. Specifically, plaintiff alleges that he was not considered for the "Supervisor" position and that the "Managing Agent" position was not posted and, thus, by inference, he was deprived of the opportunity to apply for it. Both jobs were filled by non-Pakistani, non-Muslim, and non-Asian persons. Plaintiff's allegations are sufficient with respect to both his Title VII and § 1981 discrimination claims.

Plaintiff has also stated a retaliation claim under Title VII and § 1981. Title VII makes it unlawful for an employer to discriminate against any of his employees "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); *see also Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003). The requirements for stating a § 1981 claim are the same as under Title VII. *Commodari v. Long Island University*, 89 F. Supp. 2d 353, 384 (E.D.N.Y. 2000).

Plaintiff alleges that, believing that he was discriminated against by not being considered for the first "Supervisor" position, he filed a complaint with defendant's headquarters. Plaintiff also complained to defendant's headquarters regarding the "Manager On Duty" position, citing the "selection process, lack of notice, and defendant's own policy violations." Plaintiff also advised defendant's supervisory staff that, if the situation were not remedied, he was going to file a discrimination complaint with the Equal Employment Opportunity Commission (EEOC). Such

---

[1] Whether a § 1981 claim is viable upon the allegation of Pakistani ethnicity need not be decided; the allegation of Asian ancestry is sufficient to sustain the complaint.

complaints are protected activities under Title VII. *See Matima v. Celli*, 228 F.3d 68, 79-80 (2d Cir. 2000); *Sumner v. U.S. Postal Service*, 899 F.2d 203, 209 (2d Cir. 1990) ("In addition to protecting the filing of formal charges of discrimination, § 704(a)'s opposition clause protects as well informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges."). Finally, plaintiff alleges he was terminated in retaliation for his continuous complaints of discrimination. Defendant's assertion that plaintiff was fired because he failed to return to work is inconsistent with plaintiff's allegations, which this court must accept as true on a motion to dismiss. Thus, accepting plaintiff's allegations, he has stated facts sufficient to support a retaliation claim under Title VII and § 1981.

    3.   State and City Claims

The requirements for a claim under New York State Human Rights Law and New York City Human Rights Law are similar to the requirements of Title VII. *Torres v. Pisano*, 116 F.3d 625, 629 n.1 (2d Cir. 1997). Thus, having found that plaintiff has stated claims under Title VII, plaintiff has also stated claims under New York State Human Rights Law and New York City Human Rights Law. In addition, plaintiff asserts national origin claims under these statutes. No basis for dismissal having been offered, they are sustained.

## CONCLUSION

Defendant's motion to dismiss is denied.

**SO ORDERED.**

/s/

**NINA GERSHON**
**United States District Judge**

Dated:   March 8, 2007
         Brooklyn, New York